# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

JOE W. COLLIER,

Plaintiff-Appellant

v.

THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-66

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Joe W. Collier appeals the district court's grant of the summary judgment motion of Defendant-Appellee the University of Mississippi Medical Center ("UMMC"), dismissing with prejudice Collier's employment discrimination suit asserting that he was the subject of sex discrimination when he was fired for failing to report his discovery that the gun carried by Arteshia Williams, a UMMC Security Guard, was listed as stolen on the NCIC database. In addition to Collier being male and Williams

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

being female, their prescribed duties as a Police Officer and a Security Guard, respectively, differed. A UMMC Police Officer's duties include protecting people and property, enforcing motor vehicle and criminal laws, responding to calls concerning criminal activity, patrolling and identifying, pursuing, and arresting suspects and perpetrators of criminal acts, and preparing reports that document incidents and activities. The duties of UMMC Security Guards include patrolling assigned areas to ensure the security of people and equipment, examining the security of windows and doors, reporting security concerns and other hazards, providing information and direction to patients and visitors, and directing traffic and enforcing motor vehicle operation and parking regulations.

The incident for which Collier was fired began when he was asked by Williams to reassemble her pistol. After he did so, Collier showed Williams how to run her pistol through the NCIC database and discovered that her gun had been reported stolen. Although Williams quit carrying that pistol, Collier violated NCIC policy and procedure by failing to report the stolen firearm to that agency as well as by failing to notify his supervisor or other law enforcement of the incident, take possession of the stolen firearm, or log it in as evidence.

Williams subsequently attended the Mississippi Law Enforcement Officers's Training Academy and learned for the first time that the fact her gun had been reported stolen should have been reported to NCIC. She promptly discussed the matter with superiors and, after the matter was further reported up the line at UMMC, Collier was eventually fired for violating policies and procedures, failing to act in accordance with his duties as a law enforcement officer, and misusing the NCIC terminal. In contrast, Williams was only given a written reprimand because (1) her only infraction was a violation of UMMC's

firearms policy, and (2) she was only a Security Guard and had not had the same level of training, experience, and responsibilities as Police Officer Collier as of the time of the incident.

After receiving a right-to-sue letter from the EEOC, Collier sued UMMC under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e), *et seq.*).  He grounded his discrimination action in the distinction between his and Williams's treatment for their failures to act appropriately following discovery that her gun had been reported stolen.

The UMMC eventually filed a motion for summary judgment, not grounded in the opposite sexes of Collier and Williams, but in the distinctions between their job titles, their described duties, their job experience, and their knowledge of their respective duties relative to the NCIC and their discovery of the fact that the subject gun had been reported stolen.

We have considered in depth and in detail the record on appeal, including the briefs of the parties and the record excerpts.  As a result, we are convinced that the district court reached the right result for the right reasons.  That court's patient, detailed, and logical analysis of Collier's suit, the UMMC's reasons for firing him and not firing Williams, and the evidence supporting the UMMC's motion for summary judgment are correct and more than sufficient in all respects.

In sum, the differences in Collier's and Williams's jobs, duties, experience, and responsibilities preclude court consideration of these two employees as grist for Collier's putative employment discrimination mill.  The district court's Judgment of December 12, 2017, dismissing Collier's action with prejudice, is, therefore,

AFFIRMED.